# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

PROGRESSIVE CASUALTY INS. CO.,

    Plaintiff,

v.                                                                 Civil Action No. 3:07cv254

COCKRELL'S MARINE RAILWAY, INC.,
*et al.*,

    Defendants.

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Compel Responses to Discovery. (Docket No. 17.) Plaintiff filed this Motion on September 26, 2007, alleging that Defendants failed to respond to its Interrogatories, Expert Witness Interrogatories, and Request for Production of Documents propounded on August 20, 2007. The matter has been heard and is ripe for adjudication.

## I. BACKGROUND

Defendant failed to respond to discovery requests within the time prescribed by the Federal Rules of Civil Procedure. Movant properly sought to meet and confer, so the Court noticed a hearing on the Motion to Compel. Defendants never responded to the Motion to Compel. Discovery in this case closed on October 11, 2007.

On November 1, 2007, just before the hearing, Defense counsel called the chambers of the undersigned Magistrate Judge stating that she had been hospitalized that day, which

precluded her from appearing. Given the late timing of the notice and the lack of any other response to the Motion to Compel, the Court nonetheless conducted the hearing.

During his presentation, Plaintiff's counsel notified the Court that some discovery responses had come via e-mail on October 9, 2007,[1] and October 31, 2007.[2] However, Plaintiff characterized the responses as inadequate, and tendered them to the Court. Plaintiff's counsel represented to the Court that he had been unable to meet with Defense counsel for Rule 26 purposes. Finally, Plaintiff's counsel indicated that he received no responses regarding the scheduling of his requested depositions until the week before the November 2, 2007 hearing, which post-dated the close of discovery. As such, he moved for sanctions, including asking the Court to strike Defendants' experts and any defenses.

## II. ANALYSIS

Upon reviewing Defendants' responses to Plaintiff's requests for Interrogatories, Expert Witness Interrogatories, and Production of Documents, the Court finds Defendants' responses inadequate. They are spartan, to a large extent untimely, and signed by only one party. The Updated Expert Interrogatory Responses do not include a signature by any party. Accordingly, the Court GRANTS Plaintiff's Motion to Compel. (Docket No. 17.) The Court fashions the following relief.

---

[1] Plaintiff told the court that the documents emailed on October 9, 2007, were Defendants' Responses to Plaintiff's Interrogatories ("Interrogatory Responses"), Defendants' Responses to Plaintiff's Request for Production of Documents ("RFP Responses"), and Defendants' Answers to Plaintiff's Expert Witness Interrogatories ("Expert Witness Interrogatory Responses"). These documents are signed by only one defendant.

[2] The October 31, 2007 email appears to be an updated version of Defendants' Answers to Plaintiff's Expert Witness Interrogatories ("Updated Expert Witness Interrogatory Responses"). This document is not signed by any defendant.

**A. Expert Interrogatory Responses.**

Regarding the Expert Witness Interrogatory Responses, the deadline for identifying experts for a case in chief or counterclaim lapsed on September 6, 2007, and the deadline for calling experts in opposition to any claim or counterclaim extended only until October 5, 2007. (Docket No. 12.) Even Defendants' first Expert Witness Interrogatory Responses exceeds both of these deadlines. Moreover, no Rule 26 Report has been filed. Therefore, to the extent necessary because no expert has been properly identified, the Court GRANTS Plaintiff's Motion to Strike Defendants' Experts and finds MOOT Plaintiff's Motion to Compel Responses to Expert Witness Interrogatories. (Docket No. 17.)

**B. Non-expert Discovery.**

Regarding the remainder of discovery, the Court ORDERS Defendants to file proper supplemental responses to Plaintiff's Request for Interrogatories and Production of Documents within ten (10) days from the entry of this Order.

The Parties also are ORDERED to set dates for depositions of the witnesses whose names already have been discussed by the parties. The dates shall be in place within ten (10) days from the entry of this Order.

The above limited extension of the discovery deadlines cannot coincide with the existing November 20, 2007 trial date. As such, the Court orders the trial in this case SUSPENDED until further notice. However, discovery remains CLOSED for purposes other than the responses owed to Plaintiff by Defendants, and the taking of depositions that Plaintiff has attempted to schedule.

**C. Sanctions.**

    **1. Fees and Costs.**

The Court next addresses Plaintiff's request for sanctions. Federal Rule of Civil Procedure 37(a)(4) provides that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

Fed. R. Civ. P. 37(a)(4). The dictates of Rule 37(a) pertain here. Plaintiff received discovery responses only after Plaintiff filed a motion to compel and the Court scheduled a hearing when no written response came forward. Awarding fees and costs in bringing the Motion to Compel seems appropriate under the circumstances.

As such, the Court ORDERS Plaintiff to tender to the Court no later than November 12, 2007, its reasonable costs and fees associated with bringing this Motion. Defendants shall respond, or seek an opportunity to be heard, as to monetary sanctions no later than November 21, 2007.

    **2. Striking of Defenses or Counterclaims.**

During the hearing, Plaintiff's counsel also moved to strike any defenses as a sanction for discovery abuse. Essentially, Plaintiff argued that Defendants' unavailably has utterly prevented proper presentation of any claim or defense to the Court. Federal Rule of Civil Procedure

37(d) allows the Court to sanction parties who do not comply with discovery orders. Rule 37(d) states in relevant part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule . . . .

Fed. R. Civ. P. 37(d). The rule addresses specific actions a court can take, which include allowing a court to take designated facts as established, to refuse the right of a party to support or oppose claims, to prohibit a party from introducing designated matters in evidence, to strike pleadings or portions of pleadings, to dismiss a proceeding or portions of it, and to render default judgment. Fed. R. Civ. P. 37(b)(2)(A)-(C).

Severe sanctions such as striking defenses or counterclaims require careful balancing because they can brush against a party's right to "trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (*citing Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977)). A struck defense or counterclaim can amount, functionally, to dismissal or default judgment. The United States Court of Appeals for the Fourth Circuit considers dismissal extreme, and states that a court should do so only when "the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Id.* (*citing Wilson*, 561 F.2d at 504). Courts must apply a four-part test when considering dismissal as a sanction under Rule 37(d), weighing the following:

5

>    (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson*, 561 F.2d at 503-06). Here, the Court finds that Defendants' noncompliance has prevented necessary discovery in this case, thereby rendering the existing trial date impracticable. This delay inconveniences Plaintiff, and causes prejudice. However, the Court cannot find the sanction of striking defenses or any counterclaim appropriate at this point. The imposition of the less drastic sanctions articulated above sufficiently minimizes the prejudice to Plaintiff.

That said, the Court must articulate its concern about what appears to be Defendants' unavailability to conduct meaningful discovery. The Court must remind Defendants that failure to obey this Order may result in further, more drastic sanctions, which could include the striking of their defenses or the dismissal of their counterclaim.

### III.  CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Compel is GRANTED. (Docket No. 17). The Parties are ORDERED to contact jointly, via teleconference call, the chambers of the undersigned Magistrate Judge as to the status of discovery efforts no later than December 1, 2007. The Court shall, until that time, SUSPEND the trial date.

Let the Clerk send a copy of this Order to counsel of record.

It is so ORDERED.

                                               /s/
                                        M. Hannah Lauck
                                        United States Magistrate Judge

Richmond, Virginia
Date: <u>November 5, 2007</u>